IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Nos. 1:12-cv-10 & 1:98-cr-57 |
| | ) | |
| Larry Froistad, Jr., | ) | |
| | ) | **ORDER DENYING MOTION** |
|       Defendant. | ) | |

Before the Court is Larry Froistad's pro se motion pursuant to 28 U.S.C. § 2255. For the reasons explained below, the motion is denied.

I.     BACKGROUND

In 1998 Froistad pled guilty in state court in North Dakota to murdering his daughter. He was sentenced to 40 years imprisonment with 10 years suspended. No direct appeal was taken. Froistad filed a motion for post-conviction relief in 2000 which was denied. The North Dakota Supreme Court affirmed the denial of that motion in 2002. See Froistad v. State, 641 N.W.2d 86 (N.D. 2002).

Also in 1998, Froistad pled guilty in this court to one count of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(c) and (d). He was sentenced to 188 months imprisonment with 68 months to be served concurrently with his state sentence and 120 months to be served consecutively. No direct appeal was taken. Froistad is serving his state sentence at the Wyoming State Penitentiary in Rawlins, Wyoming.

He initiated the above-entitled action on January 17, 2012, by lodging a pro se motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. Froistad contends that newly discovered evidence will prove that the image identified by his wife and others as being his five-year-old daughter was in fact not his

1

daughter. Froistad states this information has been confirmed by the North Dakota Bureau of Criminal Investigation and the federal prosecutor. Based upon this newly discovered evidence, Froistad asks that he be allowed to withdraw his guilty plea.

## II. DISCUSSION

A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). Froistad does not identify any constitutional or jurisdictional error in his motion. Even accepting Froistad's statement regarding the newly discovered evidence as entirely true, there could be no finding of a miscarriage of justice. Rule 4(b) of the Rules Governing Section 2255 proceedings provides for initial consideration of the motion and provides that "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." In this case, it plainly appears the defendant is not entitled to the relief he seeks and preservice dismissal is warranted.

Froistad pled guilty pursuant to a written plea agreement which contained a factual predicate which provides as follows:

> Beginning in about October, 1993, defendant moved to Bowman, North Dakota, and gained custody of his daughter, DOB 08/04/89. Defendant, while in North Dakota and elsewhere, produced, received and traded video depictions of minor children engaged in sexually explicit conduct.
>
> At the time defendant produced, received, and traded the video depictions, defendant knew or had reason to know that the video depictions would be transported in interstate commerce or knew they had been transported in interstate commerce by computer using the Internet. Law enforcement authorities from the Federal Bureau of Investigation, United States Customs, and North Dakota Bureau of Criminal Investigation recovered from defendant's computers hundreds of such video depictions of minor children engaged in sexually explicit conduct. These video depictions include both still-life (Exhibit 1) and avi

2

"movie" (Exhibit 2) video depictions which were stored on defendant's computer hard drives. In addition to the video depictions, law enforcement authorities recovered Internet e-mail and Internet "chat room" dialogue where defendant admits a sexual relationship with his daughter, tells about his sexual experiences with minor children, invites others to share their own sexual experiences with minor children, and trades video depictions of minors engaged in sexually explicit conduct. (Exhibit 3).

See Docket No. 9, p. 3.

The presentence investigation report provides further explanation of Froistad's crime and the sentence imposed. Froistad's computer hard drives were found to contain 200 pornographic images of children. In addition, four movie files were found showing an adult male engaging is sexual activity with a four or five year old girl. Opinions among investigators varied as to whether the adult male in the movies was Froistad and whether the young girl was Froistad's daughter. Froistad's ex-wife believed it was Froistad and their daughter. Froistad denied ever making a home movie involving his daughter. The plea agreement called for a two point enhancement for being the parent of a victim. After Froistad objected to this enhancement it was removed from the presentence investigation report and not assessed when the Court calculated the appropriate guideline range. In addition, Froistad provided a statement for inclusion in the presentence investigation report wherein he admitted viewing, collecting and trading child pornography online.

Froistad was given the benefit of the doubt at the time of sentencing with regard to the identity of the child in question. That decision, as it turns out, was appropriate. That being said, whether the five-year-old girl in the video was Froistad's daughter or somebody else's little girl does not change the fact that Froistad was in possession of the video. The video is still child pornography of a most offensive type. In addition, there were two hundred pornographic images of other children discovered in Froistad's possession. The newly discovered evidence regarding one child's identity in no way exonerates Froistad or invalidates his plea and sentence in federal court.

### III. CONCLUSION

Based upon the entire file and upon the foregoing discussion it is **HEREBY ORDERED** that:

1. Froistad's § 2255 motion is **DENIED**. Froistad's motion for appointment of counsel is also **DENIED**. Froistad's motion to proceed in forma pauperis is **DENIED** as moot.

2. The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3. Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Therefore, a certificate of appealability will not be issued by this Court.

4. If the petitioner desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Court of Appeals for the Eighth Circuit in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court